IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUMIA ABU-JAMAL, | : | |
| | : | |
| Plaintiff | : | Civil Action No. 16-cv-2000 |
| | : | |
| v. | : | Judge Robert D. Mariani |
| | : | |
| JOHN WETZEL, *et al.*, | : | |
| | : | **Filed Via Electronic Case File** |
| Defendants | : | **Jury Trial Demanded** |

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

*Statement of Relevant Facts*

The Plaintiff is Mumia Abu-Jamal, an inmate incarcerated by the Commonwealth of Pennsylvania at the State Correctional Institution at Mahanoy. The Department of Corrections Defendants who are identified are: (a) John Wetzel, Secretary of the Department; (b) Paul Noel, M.D., Chief for Clinical Services for the Department's Bureau of Health Care Services (BHCS), who also sits on the Hepatitis C Treatment Committee; (c) the Assistant Medical Director for the BHCS, who also sits on the Hepatitis C Treatment Committee; (d) the BHCS Infection Control Coordinator, who also sits on the Hepatitis C Treatment Committee; and (e) Joseph Silva, the Director of the BHCS. *See Doc. 1 (Complaint)*.

This action, filed pursuant to 42 U.S.C. § 1983, seeks an injunction against the Defendants in their official capacities to immediately provide Plaintiff with the Federal Drug Administration (FDA) approved Hepatitis C directing-acting antiviral medications. *See Complaint, ¶ 13*. The Department's Hepatitis C protocol will provide the anti-viral drugs only to those inmates with decompensated cirrhosis. *Id., ¶ 33*. The protocol further delegates to the Hepatitis C Treatment Committee the authority to make recommendations as to which inmates would receive Hepatitis C anti-viral treatment. *Id., ¶ 37*. The Committee had determined that Plaintiff would not receive the anti-viral medication. *Id., ¶¶ 103-104*. Accordingly, Plaintiff has filed a motion for a preliminary injunction to order the Defendants "to immediately treat Plaintiff's active Hepatitis C infection with the latest acting anti-viral drugs that are the established standard of care." *See Docs. 7 and 8*.

### *Statement of Questions Presented*

1. *Should Plaintiff's request for injunctive relief be denied pursuant to the "first filed rule" because this matter is duplicative to Mumia 1, which remains pending before this Court?*

    <u>Suggested Answer</u>: *Yes*.

2. *Should Plaintiff's request for injunctive relief be denied because he cannot establish a reasonable likelihood of success on the merits where every court that has reached a decision on the treatment of Hepatitis C has held that monitoring and treatment under prioritization protocols is sufficient for Eighth Amendment purposes?*

    <u>Suggested Answer:</u> *Yes.*

*Argument*

A preliminary injunction is an extraordinary remedy which is not granted as a matter of right. *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982). The moving party must clearly establish the right to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To establish the right, the moving party must show: (1) a reasonable probability of success on the merits; (2) that the movant will be irreparably injured by denial of the relief, (3) that granting the relief will not result in even greater harm to the nonmoving party; and (4) that granting the preliminary relief will not adversely affect the public interest. *Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994). Thus, for an inmate to establish a right to a preliminary injunction, he must demonstrate *both* a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. *Abu-Jamal v. Price*, 154 F.3d 128, 133 (3d Cir. 1998); *Kershner*, 670 F.2d at 443. If he fails to carry this burden on either of these elements, the motion should be denied. *Id.*; *see also Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989) (quoting *Morton v. Beyer*, 822 F.2d 364 (3d Cir. 1987)).

> 1. **Plaintiff's request for injunctive relief should be denied pursuant to the "first filed rule" because this matter is duplicative to Mumia 1, which remains pending before this Court.**

On May 18, 2015, Plaintiff initiated an action at 15-CV-00967 (hereafter, "*Mumia 1*") pursuant to 42 U.S.C. § 1983. Plaintiff's counsel were co-plaintiffs in

3

the original action and, together, they asserted claims against Former SCI-Mahanoy Superintendent Kerestes and Geisinger Medical Center ("GMC") for violations of their First, Fifth and Fourteenth Amendment rights associated with denial of visits during a one-week hospitalization at GMC.[1]  Plaintiff sought only injunctive relief. Plaintiff had also filed a motion for a preliminary injunction seeking an order compelling Kerestes to provide him with topical creams for a skin condition and direct-acting antiviral treatment to address his Hepatitis C.

Plaintiff filed an amended and supplemental complaint on November 24, 2015.  *See Doc. 57 at 15-CV-00967*.  In his amended pleading, Plaintiff added additional Corrections Defendants, namely, CHCA John Steinhart and Former Bureau of Healthcare Services Medical Director Christopher Oppman.  Plaintiff also asserted new claims against Kerestes, Oppman, and Steinhart for deliberate indifference and negligence for the alleged improper care of his Hepatitis C and skin conditions.  He asserted claims against Kerestes for deliberate indifference and negligence associated with the alleged improper care of his blood sugar, as well as claims for denial of access to courts and freedom of association related to the denial of attorney and family visits during a his one-week hospitalization at GMC.

Kerestes, Oppman and Steinhart filed motions to dismiss the amended complaint.  *See Docs. 81, 108 at 15-CV-00967*.  By orders and opinions issued

---

[1] Plaintiff's counsel subsequently withdrew their claims on June 19, 2015.

August 5, 2016, the Corrections Defendants' motions were granted in part, and denied in part. *See Docs. 169, 171 at 15-CV-00967.* As regards Kerestes, the motion was granted and Plaintiff's Eighth Amendment claims (Count I (hyperglycemia); Count II (HCV); Count III (skin)) were dismissed without prejudice[2]; his negligence claims (Count IV (hyperglycemia), Count $V_1$ (HCV), and Count $V_2$ (skin)) were dismissed with prejudice; his access to courts claim (Count VI) was dismissed with prejudice; however, the motion was denied on the freedom of association claim.

With respect to Oppman and Steinhart's motion to dismiss, the motion was granted as to Plaintiff's Eighth Amendment HCV claim in Count II, but was denied with respect to Count $V_1$ (negligent HCV care ) and $V_2$ (negligent skin care).

Plaintiff filed a second amended complaint on August 16, 2016, in *Mumia 1*. *See Docs. 176, 177, 178 at 15-CV-00967.* The following day, August 17, 2016, Plaintiff filed a motion for leave to file a third amended complaint in *Mumia 1*. *See Doc. 179 at 15-CV-00967.* In the proposed third amended complaint, Plaintiff summarizes the basis for his motion as follows:

> [The] Third Amended Complaint…will add three additional parties in the above-captioned action: the Pennsylvania Department of Corrections (DOC), DOC Secretary John Wetzel, and Paul Noel, M.D. Plaintiff seeks to sue the DOC for injunctive relief for his hepatitis C claim; John Wetzel and Paul Noel in their individual capacities for

---

[2] The Court later clarified the ruling to provide that Plaintiff's claims against Kerestes in his individual capacity were dismissed without prejudice, while the claims against Kerestes in his official capacity were dismissed with prejudice. *See Doc. 183 at 15-CV-00967.*

money damages and their official capacities for injunctive relief due to their deliberate indifference to his need for hepatitis C treatment. Defendant Noel is additionally sued for negligence under state law for his refusal to treat Mr. Abu-Jamal's hepatitis C.

*See Doc. 179 at 15-CV-00967*. Plaintiff also noted that he substituted the new Superintendent at SCI-Mahanoy, Theresa DelBalso, for Kerestes in his freedom-of-association claim and related request for injunctive relief.

This matter should be dismissed pursuant to the "first filed rule" because it is duplicative to *Mumia 1*.

> Under the "first filed" rule, "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it," *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (quotation and alteration omitted), meaning, "where there are parallel proceedings in different federal courts, the first court in which jurisdiction attaches has priority to consider the case." *FMC Corp. v. AMVAC Chem. Co.*, 379 F. Supp. 2d 733, 737 (E.D. Pa. 2005). The threshold issue when addressing the first filed rule is whether the proceedings are "truly duplicative," that is, the later-filed case must be "materially on all fours" with the previously filed action to trigger the first filed rule. *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 333 n.6 (3d Cir. 2007) (citation and internal quotations omitted). "[T]he issues must have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Id.* (internal quotations omitted); *see also Kedia v. Jamal*, No. 06-6054, 2007 U.S. Dist. LEXIS 30343, 2007 WL 1239202, at *3 (D.N.J. Apr. 25, 2007) (finding that "the Third Circuit Court of Appeals has interpreted the first-filed rule narrowly, holding that it only applies to truly duplicative proceedings" (internal quotations omitted)).

*Schooley v. Pennsylvania Dept. of Corrections*, 2014 U.S. Dist. LEXIS 120414, *6-8 (W.D. Pa. July 22, 2014) (Exhibit "A").

The Complaint in this matter is a subset of *Mumia 1*. Both actions have three mutual Defendants, namely Wetzel, Silva, and Noel. Both actions contain a mutual count, namely the claim of deliberate indifference concerning the treatment of Plaintiff's Hepatitis C and seek injunctive relief in the form of the immediate administration of direct-acting anti-viral drugs to Plaintiff. It is of no matter that the defendants and claims are not identical because Plaintiff has re-asserted the identical claim of deliberate indifference that arises out of the same "nucleus of operative facts" as the claims upon which *Mumia I* is based. *Dawn Ball v. Lisa D'Addio*, 2012 U.S. Dist. LEXIS 115558, *19-20 (M.D. Pa. July 10, 2012) ("While the 'first-filed' rule' typically applies when overlapping claims are brought by a party in different courts, the principles which animate this policy apply with equal force to a situation like that presented here, where Ball filed the same claim in successive, but separate lawsuits before this Court. In this setting, where a single legal claim arising out of a specific set of facts is brought in two separate actions, under the 'first-filed' rule the proper exercise of discretion would call for us to dismiss the second claim in favor of having the parties proceed on the first-filed action.") (Exhibit "B"). Likewise, it is of no moment that the instant case was filed before leave to file the proposed third amended complaint has been granted in *Mumia I*. *Kareem Milhouse v. Smith, et al.*, 2016 U.S. Dist. LEXIS 79933 *2-3 (M.D. Pa. June 20, 2016) ("The fact that the amended complaint was filed after the complaint in the above captioned

case does not change the fact that it is the date when an action is initiated that determines when a case is deemed first filed, not when an amendment to the complaint is filed.) (Exhibit "C").

Therefore, because *Mumia I* remains pending before this Court, Plaintiff's request for injunctive relief should be denied pursuant to the "first filed" rule.

> *2.   Plaintiff's request for injunctive relief should be denied because he cannot establish a reasonable likelihood of success on the merits where every court that has reached a decision on the treatment of Hepatitis C has held that monitoring and treatment under prioritization protocols is sufficient for Eighth Amendment purposes.*
>
> *a.   DOC Hepatitis C Protocol*

Following a hearing on the motion for injunctive relief that Plaintiff filed in *Mumia I*, this Court issued a Memorandum Opinion that expressed concern with the Department's Interim Protocol for the treatment of Hepatitis C.  This Court stated that there was a sufficient basis in the record of *Mumia I* to find that the Interim Protocol constituted deliberate indifference because the Department had engaged in only a "desultory monitoring" of inmates, "delay[ing] administration of DAA medications until the[y] face[d] the imminent prospect of 'catastrophic rupture and bleeding out of the esophageal vessels." *See Doc. 191, p. 31-32, at 15-CV-00967.* While the Department respectfully disagreed with the Court's assessment of the Interim Protocol, as of November 7, 2016, the landscape has changed *vis-à-vis* the Department's treatment of inmates with Hepatitis C.  The Department has revised its

treatment protocol to reflect changes in treatment and technology and to more quickly and accurately identify inmates for treatment with DAA medications, such that the Department will utilize Federal Bureau of Prisons Priority Criteria for evaluation for treatment with anti-viral medication; the HALT-C score has been replaced by the APRI score as screening criteria; patients with decompensated cirrhosis are eligible for evaluation; elastography has replaced the EGD to determine progression of fibrosis; and all patients with cirrhosis will be scheduled for a baseline EGD to evaluate for esophageal varices. A true and correct copy of the Department's Hepatitis C Protocol is attached hereto and is available on the Department's public website:

http://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/13.02.01%20Access%20to%20Health%20Care.pdf.

### b. *Deliberate Indifference*

Plaintiff cannot establish that he has a reasonable probability of success on the merits regarding his claim and thereby his entitled to the requested injunctive relief. To state an Eighth Amendment medical claim, the plaintiff must establish by a preponderance of the evidence that the defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). A prison official may be found deliberately indifferent only if the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511

U.S. 825, 837 (U.S. 1994). The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* The official must disregard that risk by failing to take reasonable measures to abate it. *Id.* "Prison officials who lacked knowledge of the risk cannot be said to have inflicted punishment." *Farmer,* 511 U.S. at 844. Similarly, those "who actually knew of a substantial risk to inmate health or safety may be found free of liability if they responded reasonably to the risk, even if harm ultimately was not averted." *Id.*

Prison officials, who are not physicians, are entitled to rely on the expertise of their institution's medical staff and cannot be considered deliberately indifferent simply because they failed to respond to the medical complaints of a prisoner who was already being treated by medical personnel of the prison. *Durmer v. O'Carroll,* 991 F.2d 64, 69 (3d Cir. 1993). Prison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates and courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . .which remains a question of sound professional judgment." *Inmates of Allegheny County Jail*, 612 F.2d 754, 762 (3d Cir. 1979).

Mere medical malpractice does not give rise to a violation of the Eighth Amendment. *White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990). "While the

distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).

Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987); *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Inmates are not entitled to the treatment of their choice. *Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 Fed. Appx. 115 (3d Cir. 2013) (inmate not entitled to Hepatitis C treatment of his choice); *Birckbichler v. Butler County Prison*, 2009 U.S. Dist. LEXIS 84949 (W.D. Pa. Sept. 17, 2009) (summary judgment granted where inmate sued over the drugs he preferred for his AIDS treatment) (Exhibit "D"); *Ascenzi v. Diaz*, 2007 U.S. Dist. LEXIS 23475 (M.D. Pa. March 30, 2007) (medical decision not to order an X-ray, or like measure, does not represent cruel and unusual punishment) (Exhibit "E"). "[T]he key question . . . is whether defendants have provided plaintiff with some type of treatment, regardless of whether it is what plaintiff desires." *Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988) *quoting Lamb v. Maschner*, 633 F. Supp. 351, 353 (D. Kan. 1986).

The Eighth Amendment's deliberate indifference standard as to the provision of direct-acting antiviral medication is not clear. Plaintiff has asserted that the

Defendants' actions in treating his allegedly associated symptoms and conditions, while monitoring his HCV condition and prioritizing access to DAA medication, violates clearly established law. However strenuously Plaintiff argues this point, any right to immediate access to DAA medication is far from clearly established. In fact, every court that has reached a decision on this issue has held that monitoring and treatment under prioritization protocols is sufficient for Eighth Amendment purposes. *Binford v. Kenney*, 4:14-CV-5103-SAB, 2015 WL 6680272, at *3–4 (E.D. Wash. Nov. 2, 2015), *aff'd Binford v. Kenney,* 15-35874, 2016 WL 4990041 (9th Cir. Sept. 19, 2016)[3](granting summary judgment and finding no deliberate indifference to HCV condition where Plaintiff was monitored under HCV protocol) (Exhibit "F"); *Hankins v Russell*, No. 4:15CV697 HEA 2016 WL 5689892 (E.D. Mo. Oct. 3, 2016) (summary judgment entered for Corizon physician defendants where the physicians had discretion to order HCV medication but continued to monitor his condition, finding no deliberate indifference) (Exhibit "G"); *Buchanon v. Mohr*, No. 2:16-cv-279, 2016 WL 5661697 (S.D. Ohio Sept. 30, 2016) (holding no deliberate indifference to HCV condition where inmate was being monitored and dismissing complaint with prejudice) (Exhibit "H"); *Melendez v. Florida Dep't of Corr.*, 3:15-CV-450-RV-CJK, 2016 WL 5539781, at *3 (N.D. Fla. Aug. 30, 2016),

---

[3] Contra *B.E. v. Teeter*, No. 16-227 (W.D. Wa. May 27, 2016) granting preliminary injunction in Medicaid case and enjoining application of treatment guidelines that delayed treatment based on fibrosis score.

*report and recommendation adopted,* 3:15-CV-450-RV-CJK, 2016 WL 5661012 (N.D. Fla. Sept. 28, 2016) (denying preliminary injunction and screening complaint under § 1915 where inmate alleged deliberate indifference to HCV based on failure to provide DAAs; citing to FDOCs protocol which follows BOPs protocol and finding that medical records did not indicate that inmate had progressed to cirrhosis) (Exhibit "I"); *Allah v. Thomas*, CV 15-5593, 2016 WL 3258422, at *5 (E.D. Pa. June 14, 2016) ("The courts have encountered claims from inmates with Hepatitis C challenging their access to treatment and held that compliance with the Department of Corrections treatment protocol will generally rebut any allegation of deliberate indifference to an inmate's serious medical needs.") (Exhibit "J"); *Taylor v. Rubenstein,* No. 3:15-CV-120, 2016 WL 1364287, at *3 (N.D. W.Va. Apr. 6, 2016) (denying motion for preliminary injunction seeking Harvoni as unlikely to succeed on the merits where inmate-plaintiff's HCV condition was monitored through chronic care clinic) (Exhibit "K"); *Smith v. Corizon, Inc.*, CV JFM-15-743, 2015 WL 9274915, at *6 (D. Md. Dec. 17, 2015) (denial of Harvoni did not constitute deliberate indifference where the inmate-plaintiff's HCV was monitored by medical staff) (Exhibit "L"); *Dulak v. Corizon*, 2015 U.S. Dist. LEXIS 131291 (E.D. Mich. July 10, 2015) *adopted at* 2015 U.S. Dist. LEXIS 129702 (E.D. Mich. Sept. 28, 2015) (denying preliminary injunction and finding no deliberate indifference where plaintiff was monitored under prioritization protocol and denied antiviral therapy)

(Exhibit "M"); *Harrell v. California Forensic Medical Group, Inc.*, 2015 U.S. Dist. LEXIS 149084 (E.D. Ca. Nov. 3, 2015) (denying preliminary injunction and dismissing complaint for failure to state a claim where plaintiff was denied direct-acting antivirals under prioritization protocol based on low fibrosis score) (Exhibit "N"); *Shabazz v. Schofield*, 2015 U.S. Dist. LEXIS 113082 (M.D. Tenn. Aug. 26, 2015) (denying preliminary injunction and finding that regular monitoring through chronic care program that monitored liver enzymes at least every three months was "consistent with generally accepted medical practices, regardless of whether the patient is incarcerated or is a free world patient.") (Exhibit "O"). *See also King v. Calderwood*, 2016 U.S. Dist. LEXIS 123993 (D. Nev. Sept. 12, 2016) (Exhibit "P"); *Bernier v. Obama*, 2016 U.S. Dist. LEXIS 112829 (D. D.C. Aug. 24, 2016) (denying motion for preliminary injunction where plaintiff did not meet the BOP's priority treatment criteria but was monitored according to the BOP Clinical Guidelines) (Exhibit "Q"); *Johnson v. Frakes*, 2016 U.S. Dist. LEXIS 102495 (D. Neb. Aug. 4, 2016) (Exhibit "R"); *Banks v. Gore*, 2016 U.S. Dist. LEXIS 73468 (E.D. Va., Alexandria Div., June 3, 2016) (Exhibit "S").

There is no clearly established right to receive immediate treatment with direct-acting antiviral medication, as opposed to monitoring and treatment under a prioritizing protocol. As the aforementioned caselaw evinces, use of prioritizing protocols in treating inmates with Hepatitis C does ***not*** constitute deliberate

indifference. Because it is clear, based upon the record before this Court in *Mumia I*, that Plaintiff has received extensive testing and continues to be monitored, Plaintiff cannot establish that he is reasonably likely to succeed on a claim of deliberate indifference by the Corrections Defendants.

## *Conclusion*

For the foregoing reasons, the Corrections Defendants respectfully request that this request for injunctive relief be denied.

                Respectfully submitted,

                Office of General Counsel

By:   /s/ Maria G. Macus
       Maria G. Macus
       Assistant Counsel
       Attorney I.D. No. PA90947
       Pennsylvania Department of Corrections
       1920 Technology Parkway
       Mechanicsburg, PA 17050
       Phone No.: (717) 728-7755
       Fax No.: (717) 728-0312
       E-mail: mmacus@pa.gov

Dated: November 8, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUMIA ABU-JAMAL, | : | |
| | : | |
| Plaintiff | : | Civil Action No. 16-cv-2000 |
| | : | |
| v. | : | Judge Robert D. Mariani |
| | : | |
| | : | |
| JOHN WETZEL, *et al.*, | : | |
| | : | **Filed Via Electronic Case File** |
| Defendants | : | **Jury Trial Demanded** |

## CERTIFICATE OF SERVICE

I hereby certify that the within *Brief in Opposition to the Plaintiff's Motion for a Preliminary Injunction* has been filed electronically and is available for viewing and downloading from the ECF system by Counsel for Plaintiff and therefore satisfies the service requirements under Fed.R.Civ.P. 5(b)(2)(E); L.R. 5.7.

                                                         By:   /s/ Maria G. Macus
                                                                 Maria G. Macus
                                                                 Office of Chief Counsel
                                                                 PA Department of Corrections

Dated: November 8, 2016