THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MUMIA ABU-JAMAL,

    Plaintiff,

v.

JOHN WETZEL, et al.,

    Defendants.

3:16-CV-2000
(JUDGE MARIANI)

## ORDER

The background of this Order is as follows:

The Motion to Dismiss that is the subject of this Order concerns the later of two related actions: Abu-Jamal v. Kerestes and Abu-Jamal v. Wetzel. Plaintiff, Mumia Abu-Jamal, filed a complaint in the first action on May 18, 2015, "claiming violations of the right to association and access to the courts." *Abu-Jamal v. Kerestes*, 2016 WL 4574646, at *1. On August 24, 2015, Plaintiff filed a motion for a preliminary injunction in that action seeking to compel Defendants—various medical staff involved in the treatment of his medical conditions and several Pennsylvania Department of Correction ("DOC") staff—to provide him with "immediate treatment of his hepatitis C with recently developed direct-acting antiviral ("DAA") medication." *Id.* This Court held a three day evidentiary hearing on the matter in December of 2015. *Id.*

In an Opinion issued on August 31, 2016, this Court found that the "DOC has an interim protocol to address patients with hepatitis C" and that, under that protocol, a "Hepatitis C Treatment Committee has the ultimate authority to decide whether" an inmate

is treated with DDA medications. *Id.* at *5, *8. This Court went on to conclude that "[t]he protocol as currently adopted and implemented presents deliberate indifference to the known risks which follow from untreated chronic hepatitis C." *Id.* at *9. This Court, however, did not issue a preliminary injunction because "[i]t was the Hepatitis C Treatment Committee who made the decision not to give Plaintiff DAA medications and that had, and continues to have, the ultimate authority to determine whether or not Plaintiff will receive the DAA medications," and "[t]he named Defendants [were] not members of the Hepatitis C Treatment Review Committee." *Id.* Thus, this Court concluded that it could not "properly issue an injunction against the named Defendants, as the record contain[ed] no evidence that they ha[d] authority to alter the interim protocol or its application to Plaintiff." *Id.* at *10.

On September 30, 2016, Plaintiff filed the Complaint in this action alleging a single count titled "Deprivation of Eighth Amendment Right to Medical Care for Hepatitis C" and naming members of the Hepatitis C Treatment Committee, among others, as defendants. (Doc. 1). On October 5, 2016, Plaintiff filed a Motion for a Preliminary Injunction seeking the relief this Court denied in *Abu-Jamal v. Kerestes*. (Doc. 7).

Defendants contemporaneously opposed Plaintiff's motion for a preliminary injunction, (Doc. 18), and moved to dismiss the action (Docs. 13). Presently before this Court is that Motion to Dismiss. The basis for Defendants' Motion to Dismiss is entirely the same as the basis for their opposition to Plaintiff's Motion for a Preliminary Injunction, namely that (1) the present action is duplicative of *Abu-Jamal v. Kerestes* and thus should be dismissed pursuant to the "first-filed rule," and (2) that Plaintiff could not establish a

2

cognizable deliberate indifference claim because every court that has examined this issue has found that monitoring and treatment under prioritization protocols is sufficient for Eight Amendment purposes. (Doc. 17 at 3, 8). These two arguments were fully addressed by the Court in its Opinion granting Plaintiff's Motion for a Preliminary Injunction. (*See* Doc. 23).

**ACCORDINGLY, THIS 3rd DAY OF JANUARY, 2017**, upon review of Defendants' Motion to Dismiss, (Doc. 13), **IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss, (Doc. 13), is **DENIED** for the same reasons outlined in this Court's Opinion on Plaintiff's Motion for a Preliminary Injunction, (Doc. 23).

Robert D. Mariani
United States District Judge